UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY, ASHLAND DIVISION
Civil Action No. _____

KRISTEN GLEASON,
RAINA MACRI,
JESSICA VIRGIN,
KATHERANNE CHILDERS,
MARLENE MCCOY ADAMS,
CHRISTY LYNN VIARS
SARA KISER
individually and on behalf of their minor children,

**PLAINTIFFS**

v.

RACELAND-WORTHINGTON INDEPENDENT SCHOOL SYSTEM, and
MS. ERIN HORN,

**DEFENDANTS.**

## COMPLAINT

### NATURE OF THE ACTION

1. This is a civil action brought by the parents of eight special needs students, whose names are protected for privacy, against the Raceland-Worthington Independent School System and Ms. Erin Horn, special education teacher for the Raceland-Worthington Independent School System. The action seeks relief for violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the IDEA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

4. The Plaintiffs are the parents of eight exceptional minor children with disabilities who attended schools within the Raceland-Worthington Independent School System. Each child has an Individualized Education Program (IEP) as required under IDEA. Each parent and child have, for all relevant times, lived in the Raceland-Worthington Independent School System's service area in Greenup County, Kentucky.

5. The Defendant, Raceland-Worthington Independent School System, is responsible for providing public education to students in Raceland, Kentucky.

6. The Defendant, Ms. Erin Horn, is a teacher employed by the Raceland-Worthington Independent School System.

**FACTUAL ALLEGATIONS**

7. The Individuals with Disabilities Education Act (IDEA) is a federal law that requires public schools to provide children with disabilities a Free Appropriate Public Education (FAPE) tailored to their individual needs. Violations of IDEA can occur in various ways, and these can result in specific harms to the children. Below is a list of actions by the school district and/or teacher that constitute a violation of the IDEA, along with examples of specific harms that came to children as a result:

8. Defendants did not provide the children with an education that is tailored to the eight children' individual needs.

9. Ms. Horn, nor the Defendant school district included necessary accommodations in a child's IEP.

10. Developing an IEP that does not adequately address the child's educational needs. The School District and Ms. Horn, and other relevant individuals employed with the School District have not adequately developed an IEP for the eight children.

11. Ms. Horn, and the School District did not include enough measurable goals or necessary services in the IEP.

12. The defendants did not implement the strategies and supports as outlined in a student's IEP.

13. Failing to provide the specified amount of therapy or special education services. Ms. Horn would yell at, be verbally abusive and physically aggressive with the students in a manner that would have violated their IEPs, and caused severe physical and emotional injuries to the children in a way that constitutes neglect under KRS 600.020(1)(a)(1). The teacher, Ms. Horn, failed to provide essential care and protection for the children while they were under her care. She caused the children to suffer emotional injury with episodes of decompensation.

14. Ms. Horn failed the children by her actions that caused regression in verbal and non verbal measurements; she and/or her staff at her direction caused bruising to some of the students.

15. For the child of Kristin Gleason, Ms. Horn would be verbally abusive and aggressive including calling the child names, causing emotional injury via increase in echolalia

causing her child to repeat phrases like "sit down and shut up". Telling a special needs child, particularly that of Ms. Gleason, to "sit down and shut up", violates the child's IEP.

16. Ms. Horn has yelled at the child of Ms. Gleason, that "she is tired of it" and mentions the child by name.

17. Ms. Horn has yelled at each of the special needs children in her class including of the named parents and guardians above.

18. Ms. Horn has repeatedly punished the children in inappropriate ways such as by taking away recess.

19. Ms. Horn has caused so much damages to the children that some have had to be taken out of the school district including the children of Plaintiff Raina Macri.

20. Ms. Macri's child was yelled at inappropriately causing him to decompensate and act out on at least 3 separate occasions. Her son has been yelled at in Ms. Horn's classroom.

21. The child of Bryan Virgin and Jessica Virgin is another special needs child who is very docile and does not harm himself. As a result of Ms. Horn's teaching in her classroom, he has been yelled at by Ms. Horn and instructors in the class, he was physically abused including bruising on his arms in a matter that would never be appropriate for a physical restraint on a child.

22. Ms. Virgin's child has suffered severe emotional injuries including a new movement wherein he flinches. The child has suffered such severe emotional injury that they have taken the child out of the school.

23. For Ms. Childers' child, he would constantly come home with bruises daily. Bruises on his face, and bruises on his eye.

24. The defendants did not conducting appropriate and thorough evaluations to identify a childrens' educational needs.

25. Overlooking a child's specific learning disability due to inadequate testing: Additionally, the defendants overlooked the Childrens' learning disabilities because the teacher Ms. Horn has no appropriate non-emergency licensing and has simply lacked the training, timing, empathy and skill to teach these young children.

26. The defendants failed to educate the children with disabilities alongside their non-disabled peers to the maximum extent appropriate.

27. Defendants did unnecessarily place the children in a segregated classroom or special school.

28. Defendants' actions caused constructive expulsion of some of these students by forcing the parents to remove them from the school.

29. The defendants subjected these students with disabilities to discrimination or harassment based on their disability.

30. Allowing bullying of a disabled student without appropriate intervention. The intervention should have come from Ms. Horn, but it never did because she caused and allowing these actions to happen.

31. The defendants disciplined these children for behavior related to their disability.

32. These children were yelled at, and physically abused, for behaviors related to their disability.

33. Because of Defendants' actions, there were Delays in learning and not meeting educational milestones due to inappropriate or insufficient educational support.

34. The children have suffered Increased anxiety, depression, or social isolation due to lack of support or discrimination.

35. The children have suffered exacerbation of behavioral issues due to inadequate behavioral support or misunderstanding of the children's needs.

36. The children have suffered feelings of inadequacy or indifference due to not receiving appropriate accommodations.

37. These children have been constructively booted from school and suffered decompensation due to the defendants actions of yelling at them, physically abusing them, and the other actions described herein.

38. The children have suffered loss of previously acquired skills or lack of progress in developing new skills due to inadequate educational strategies or supports.

39. The children have suffered reduced development of independence and self-advocacy skills due to over-restrictive environments or lack of appropriate life skills training.

40. The children have suffered from Inappropriate placements or unnecessary removals from regular classrooms leading to diminished educational experiences, physical and emotional trauma, and increased burden due to the parents having to seek remedies under the IDEA Act, and other applicable laws.

41. Ms. Horn's actions would be cautiously called extreme improper handling of discipline or neglect of a child's specific needs that have led to emotional harm.

42. While several of the children have been forced to leave school, Ms. Horn has continued to teach despite being under investigation by legal authorities and being a clear and present danger to special needs children.

43. The Defendant school system is aware of the danger of Ms. Horn's behavior as they installed 360 video cameras with audio after the parents brought up concerns, but they have not disciplined Ms. Horn in any significant way.

44. The Defendant school district refused to act on the warnings issued by the Plaintiffs but for cameras; instead of firing the defendant teacher, they hid behind procedure because they were afraid of more bad public relations; and the children paid for it in the meantime.

45. These acts, alone and in concert, show a systemic violation of the IDEA and other appliable state and federal law, entitling the plaintiffs to damages contemplated under the act, both monetary and injunctive.

WHEREFORE, Plaintiffs respectfully request that this Court: a. Declare that the Defendants have violated the IDEA; b. Order the Defendants to comply with the IDEA and provide appropriate remedies to the Plaintiffs, including but not limited to compensatory education or any other relief the Court deems just and proper; c. Award Plaintiffs their costs, expenses, and reasonable attorney's fees incurred in this action; d. Grant such other and further relief as the Court may deem just and appropriate.  Plaintiffs additionally demand a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

W. JEFFREY SCOTT, P.S.C.

BY: _/s/ Brandon M. Music_____
    Hon. Brandon M. Music
    ATTORNEY FOR PLAINTIFF
    P.O. BOX 608

GRAYSON, KY 41143
(606) 474-5194
Ky Bar ID#: 93785
Email: brandon.m.music@gmail.com
Fax: 606-474-5196

*I have read the foregoing Complaint and state that the contents contained herein are true and correct to the best of our knowledge and belief.*

_____
KRISTEN GLEASON


STATE OF KENTUCKY

COUNTY OF __Carter__

Acknowledged, subscribed and sworn to before me by KRISTEN GLEASON, this the __31__ day of __January__, 2024.

My commission expires: __April 1, 2027__.

_____
NOTARY PUBLIC, KENTUCKY STATE AT LARGE