UNITED STATES DISTRICT COURT
EASTERN DISTICT OF KENTUCKY
CIVIL ACTION NO. 24-cv-00014-DLB-EBA

KRISTEN GLEASON, et al,                                                                              PLAINTIFFS,

vs.

*PLAINTIFFS RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS*

RACELAND -WORTHINGTON INDEPENDENT                                 DEFENDANT.
SCHOOL DISTRICT, et al,

___

Comes now the Plaintiffs, by and through their undersigned counsel, and hereby oppose the Motion to Dismiss filed by Defendants (Doc #: 6) and in support thereof provided the follow Memorandum of Law and Motion in Opposition to Defendants' Motion to Dismiss:

**INTRODUCTION**

Defendants' motion to dismiss under FRCP 12(b)(6) erroneously asserts that the Individuals with Disabilities Education Act (hereinafter "IDEA") precludes all claims against individual defendants and mandates dismissal since administrative remedies have not been exhausted. This assertion misinterprets the scope of IDEA, the role of administrative remedies, and the jurisprudence surrounding claims for non-IDEA relief.  Additionally, it implies that all Plaintiffs have failed to exhaust administrative remedies.  As will be seen in the attachments hereto, administrative remedies have been completed for Ms. Kristin Gleason, and Defendant Raceland-Worthington has failed to cooperate or be involved in said administrative venue.  Please see Exhibit 1 attached hereto.

IDEA was enacted to address the pervasive problem of insufficient access to education for children with disabilities. At its core, IDEA ensures that all children with disabilities are entitled to a FAPE that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living [20 U.S.C. § 1400(d)(1)(A)]. The Act establishes a collaborative process involving parents, educators, and local educational agencies (LEAs) to develop an individualized education program (IEP) for each eligible child, serving as a blueprint for the educational services they will receive [20 U.S.C. § 1414(d)].

A critical component of IDEA is its exhaustion requirement, which mandates that parties seeking relief for disputes related to the provision of a FAPE first engage in the Act's detailed administrative procedures. These procedures include mediation, due process complaints, due process hearings, and state-level reviews [20 U.S.C. § 1415(f)-(g)]. The exhaustion requirement serves multiple purposes: it allows educational experts to resolve disputes within their realm of expertise, it provides an opportunity for the dispute to be resolved more swiftly and less formally than in court, and it ensures that the judicial system is presented with a comprehensive record should litigation ensue 20 U.S.C. § 1415(l); Honig v. Doe, 484 U.S. 305, 326 (1988)].

## **ARGUMENT**

### *THE COURT SHOULD DENY THE MOTION TO DISMISS BECAUSE ISSUES OTHER THAN THE IDEA ARE A LARGE PART OF THE COMPLAINT.*

The Supreme Court in *Fry v. Napoleon Community Schools*, 580 U.S. 154 (2017), clarified that exhaustion of IDEA's administrative remedies is not requisite when the gravamen of the plaintiff's lawsuit is something other than the denial of the IDEA's core guarantee—what the Act

calls a "free appropriate public education." Plaintiffs assert that their claims, particularly those related to abuse by an individual teacher, do not just seek relief for a FAPE violation but rather for conduct outside the purview of IDEA.

Claims against individual defendants for abuse and other tortious conduct are distinct from claims for IDEA violations and are not barred by IDEA's exclusivity. Courts have recognized the possibility of pursuing claims against school officials and teachers for conduct that is independent of the obligations under IDEA. See *Fry v. Napoleon Community Schools*, 580 U.S. 154 (2017).

While Defendants correctly state that IDEA claims must typically be brought against educational agencies, this does not preclude all forms of litigation against individuals under different legal theories. In Meers v. Medley, 168 S.W.3d 406, 409–10, the court recognized the distinction between suing educational agencies under IDEA for FAPE violations and pursuing other claims against individuals based on conduct that falls outside the scope of IDEA. This precedent supports the contention that individuals can indeed be held accountable for actions that violate other statutory or common law rights, even when those actions involve students with disabilities.   That case, quoted this very court as follows:

> *Stutts v. Eastern Kentucky University,* 307 F.Supp.2d 853, 857–858 (E.D.Ky.2004)
> In determining whether relief is available under the IDEA where claims are brought pursuant to other statutes, courts have looked to the nature of the wrongs alleged. Complaints concerning the general disciplinary practices of a school district have been understood to relate to the way that the district provides education and thus necessarily **\*410** come within the scope of the IDEA. *Covington,* 205 F.3d at 916 (*citing Hayes,* 877 F.2d at 812–13; *Moore v. Harriman City Schools,* 16 F.3d 1220, No. 92–5572, 1994 WL 18021, at 1 (6th Cir.Jan.21, 1994); *Waterman,* 739 F.Supp. at 365; *Pullen v. Botetourt County Sch. Bd.,* No. 94–686–R 1995 WL 738983, at 4 (W.D.Va. Feb. 13, 1995)). By contrast, allegations of physical assault or sexual abuse of a student by a

school staff member or administrator would fall outside of the scope of the IDEA since they are not related to the way that a school provides education. (footnote omitted).

Meers v. Medley, 168 S.W.3d 406, 409–10 (Ky. Ct. App. 2004) (quoting *Stutts v. Eastern Kentucky University,* 307 F.Supp.2d 853, 857–858) (on appeal this was dismissed as moot for other reasons).

This very court has held that physical assault or sexual abuse are outside of the IDEA, and thus dismissal would not otherwise be appropriate because it is not related to the way the school provides an education.  The Supreme Court ruling in *Fry* is consistent with this case.

For these reasons, the Defendants' Motion to Dismiss should be overruled.

## **ARGUMENT II**

***THE MOTION TO DISMISS SHOULD BE OVERRRULED BECAUSE ALLEGATIONS OF ABUSE, THREATS OF PHYSICAL VIOLENCE ARE ACTIONABLE OUTSIDE OF THE IDEA.***

Courts have consistently held that IDEA does not shield individuals from liability for conduct that constitutes abuse or other actionable harm under state law or federal statutes other than IDEA. The claims against Ms. Erin Horn, as alleged, fall into this category. Such claims are based on the individual's actions that are separate from the educational services and accommodations contemplated by IDEA. As articulated in *Stutts v. Eastern Kentucky University,* 307 F.Supp.2d 853, 857–858 (E.D.Ky.2004), the abuse and/or assault claims against Ms. Horn and the district are outside of the purview of the IDEA.

If the Court is not inclined to deny the Motion to Dismiss, then Plaintiffs should have the right to amend their complaint.  No discovery has occurred, sufficient facts are alleged, and the only amendment would be to cite other statutes.

For these reasons, the Motion to Dismiss should be overruled or the Plaintiffs be allowed to amend their complaint.

**ARGUMENT III**

*THE MOTION TO DISMISS SHOULD BE OVERRULED BECAUSE PLAINTIFFS SHOULD HAVE THE CHANCE TO AMEND THE COMPLAINT SHOULD THE COURT NOT DENY THE MOTION TO DISMISS.*

Furthermore, should the Court find that the Plaintiffs' claims outside the scope of the IDEA need to be articulated more clearly, Plaintiffs respectfully request the opportunity to amend their complaint in accordance with the Federal Rules of Civil Procedure. Rule 15(2) of the Federal Rules of Civil Procedure states that "the court should freely give leave [to amend] when justice so requires." The Supreme Court has emphasized this policy of favoring amendments to ensure that claims are decided on their merits rather than on technicalities. In Foman v. Davis, 371 U.S. 178, 182 (1962), the Court underscored that "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

Granting leave to amend is especially appropriate where, as here, there is no indication that the Defendants would suffer undue prejudice, that there has been bad faith on the part of the Plaintiffs, or that the amendment would be futile. The potential amendment would serve the interests of justice by allowing the Plaintiffs to clarify their claims, thereby enabling the Court to fully and fairly evaluate the merits of their case. This approach aligns with the principle that federal courts should have the opportunity to address the substantive rights of parties in civil litigation, rather than dismissing claims on procedural grounds that can be remedied.

## **ARGUMENT IV**

*THE MOTION TO DISMISS FOR FAILURE TO NAME THE PROPER LEGAL ENTITY SHOULD BE OVERRULED BECAUSE THEY HAVE NOT SAID WHAT IS INCORRECT ABOUT IT.*

In addition to the arguments previously presented, Plaintiffs address the Defendants' assertion that Raceland-Worthington Independent School System is not a legal entity capable of being sued. This argument for dismissal overlooks critical principles of fairness and procedural justice. If indeed the name "Raceland-Worthington Independent School System" does not accurately reflect the legal entity responsible for the defendants' conduct, it is incumbent upon the Defendants to clarify the correct legal entity rather than seeking dismissal on technical grounds.

The principle of estoppel should prevent Defendants from using a potential misnomer as grounds for dismissal without providing the necessary clarification. Courts have held that where a party has sufficient notice of a lawsuit and there is no prejudice to the defending party, minor inaccuracies in naming can be corrected. According to Rule 17(1) of the Federal Rules of Civil Procedure, "an action must be prosecuted in the name of the real party in interest," but the Rules also provide mechanisms for curing deficiencies once the proper party is identified.

In cases where a defendant is aware, or should be aware, that it is the entity intended to be sued, it cannot simply evade litigation based on a technical misnomer without offering a solution. They cite to no law that supports dismissal against what is otherwise the real party in interest (that is, the school district where these kids attend). It was the superintendent who received Certified Mail in this matter, at its' principal place of business, and so the Defendant is and was on actual and constructive notice of the lawsuit. As a Court of law and equity, equity absolutely must play a part, when equities demand to be done that which ought to be done. In this instant case, the

Defendants cannot seriously argue that the School District was not put on notice of this lawsuit. In fact, they have already filed an answer.

Therefore, if the Defendants contend that Raceland-Worthington Independent School System is improperly named, they should be required to provide the correct entity name under the doctrine of estoppel to avoid dismissal solely on this procedural basis. Such an approach is consistent with the Federal Rules of Civil Procedure's overarching purpose to "secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1.

**VII. DEFENDANT SCHOOL DISTRICT'S WAIVER OF EXCLUSIVE ADMINISTRATIVE REMEDIES ARGUMENT DUE TO NON-PARTICIPATION**\

## ARGUMENT V

### *THE MOTION SHOULD BE DISMISSED BECAUSE FOLLOWING THE EXHAUSTION OF ADMINISTRATIVE REMEDIES WOULD OTHERWISE BE FUTILE AND INADEQUATE*

In addition to the previously articulated arguments, it is crucial to address the Defendants' reliance on the exhaustion of administrative remedies requirement under IDEA. Specifically, the Defendant School District's failure to engage in the administrative process—by neither investigating, mediating, nor responding to the Plaintiffs' concerns—constitutes a waiver of their argument that Plaintiffs must exhaust exclusive administrative remedies before proceeding to federal court. The Supreme Court has held that "parents may bypass the administrative process where exhaustion would be futile or inadequate." *Honig v. Doe*, 484 U.S. 305, 327, 108 S. Ct. 592, 606, 98 L. Ed. 2d 686 (1988).

The doctrine of waiver applies when a party engages in conduct that is inconsistent with the claim it later wishes to assert. In the context of IDEA, when a school district fails to participate

meaningfully in the administrative process designed to resolve disputes related to the education of children with disabilities, it can be deemed to have waived its right to insist that parents exhaust these remedies. At this early stage of the litigation, there is no way for the court to determine whether administrative remedies were futile or inadequate (Plaintiffs contend they were), and as such the motion should be denied.

Courts have recognized circumstances under which failure to engage in the administrative process can result in waiver. *Honig v. Doe*, 484 U.S. 305, 327, 108 S. Ct. 592, 606, 98 L. Ed. 2d 686 (1988). In the instant case, the Defendant School District's refusal to engage in any form of investigation, mediation, or response to Plaintiffs' concerns directly undermines the intent of IDEA's administrative procedures, which aim to facilitate resolution and avoid litigation. Given this refusal, insisting on exhaustion would not only be futile but would also serve to unjustly delay the provision of relief to which the Plaintiffs may be entitled. This conduct by the Defendant School District effectively waives their right to assert non-exhaustion as a defense to the present action.

For that reason, the Motion to Dismiss should be denied.

## CONCLUSION

For the reasons stated herein and in previous sections, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss or allow them to amend pursuant to FRCP 15(2). The Defendant School District's failure to engage in the administrative process constitutes a waiver

of their argument that Plaintiffs must exhaust administrative remedies under IDEA before seeking judicial intervention. Plaintiffs have adequately articulated claims that merit judicial consideration and, where necessary, request leave to amend their complaint to address any deficiencies. Plaintiffs seek a resolution that upholds the rights and protections afforded to their children under federal law, including IDEA, and are entitled to have these claims heard and adjudicated on their merits.

                              RESPECTFULLY SUBMITTED,

                              W. JEFFREY SCOTT, P.S.C.

                              BY: /s/ Brandon M. Music
                                    BRANDON MICHAEL MUSIC
                                    ATTORNEY FOR PLAINTIFFS
                                    311 WEST MAIN STREET
                                    P.O. BOX 608
                                    GRAYSON, KY  41143
                                    (606) 474-5194
                                    FAX: 606-474-5196
                                    EMAIL: brandon.m.music@gmail.com
                                    BAR ID: 93785

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2024, I electronically filed the foregoing with the clerk of the court using CM/ECF system, and served via CM/ECF System this to the following persons:

W. Cravens Priest II, Michael Owsley
1101 College Street, PO Box 770
Bowling Green, Ky 42102-0770

/s/ Brandon M. Music