UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION
CIVIL ACTION NO. 0:24-CV-14-DLB-EBA

KRISTEN GLEASON, RAINA MACRI, JESSICA
VIRGIN, KATHERINE CHILDERS, MARLENE
MCCOY ADAMS, CHRISTY LYNN VIARS, SARA
KISER, individually and on behalf their minor children                         PLAINTIFFS

v.       **DEFENDANTS' MOTION TO DISMISS
         ORIGINAL COMPLAINT AND AMENDED COMPLAINT**

RACELAND-WORTHINGTON INDEPENDENT
SCHOOL SYSTEM, and MS. ERIN HORN                                                DEFENDANTS

The defendant Erin Horn, and the putative defendant, Raceland-Worthington Independent School System[1], hereby move the Court to dismiss the original complaint and amended complaint herein under Fed. R. Civ. P. 12 and in support thereof the defendants incorporate their motion to dismiss the original complaint [Doc 6] and their reply to plaintiffs' response to defendants' motion to dismiss [Doc 9] herein, and in further support, state as follows:

The amended complaint, like the original complaint, solely seeks relief for alleged violations of the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §1400 *et seq*. The amended complaint against Erin Horn must therefore be dismissed, because IDEA only applies to public boards of education and claims cannot be made against individuals for alleged violations of IDEA. R.G. v. Clovis Unified Sch. Dist. 2011 U.S. Dist. LEXIS 2956-7, Diaz-Fonseca v. Puerto Rico, 451 F.3d 13 (1st Cir. 2006). Individuals do not bear the responsibility of providing the free appropriate public education required by IDEA. Therefore, individuals cannot be liable under IDEA. Everett H v. Dry Creek Joint Elem. Sch. Dist., 5 F.Supp.3d 1167 (E.D. Cal.

---

[1] The Raceland-Worthington Independent School System is not a legal entity and is not capable of being sued.

Mar. 20, 2014) and A.A. v. Clovis Unified Sch. Dist., 2014 U.S. Dist. LEXIS 95568 (E.D. Cal. July 11, 2014). The continuation of these claims and amendment of the complaint to continue claims against Erin Horn constitute malicious prosecution.

The amended complaint must also be dismissed because Raceland-Worthington Independent School System is not a legal entity and is not capable of suing or being sued. The amended complaint therefore does not name the proper party as a defendant, and thereby did not effect sufficient process and service of process on the correct party. Furthermore, the Court lacks jurisdiction over the allegations in the amended complaint, like the original complaint, and fails to state a claim upon which relief can be granted, because it is fundamental, and the Supreme Court has recently confirmed, that the administrative due process set forth under IDEA is the exclusive remedy for the relief requested in the complaint.  Perez v. Strugis Pub Sch, 143 S. Ct. 859, 215 L.Ed. 2d 95, 2023 U.S. LEXIS 1291 and Fry v. Napolean County Sch., 580 U.S. 154, 137 S.Ct. 743, 197 L.Ed.2d 46, 2017 U.S. LEXIS 1427.  See also Doe v. Smith, 879 F.2d 1340 (6th Cir. 1989).

**I.        The Complaint Must Be Dismissed Because It Is Barred Under IDEA.**

The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 *et seq.*, ensures children with disabilities with a free and appropriate public education.  Toward that end, the IDEA is their exclusive remedy and sets forth a number of administrative procedures for children, their parents, teachers, and school districts to follow when disputes arise, including an **impartial administrative due process hearing** and an opportunity to **appeal** therefrom.  IDEA expressly provides in Section 1415(l):

> (l) Rule of construction.  Nothing in this title [20 USCS §§ 1400 et seq.] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973 [29 USCS §§ 790 et seq.], or other Federal laws

2

protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this part [20 USCS §§ 1411 et seq.], **the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part** [20 USCS §§1411 et seq.]. (emphasis added).

Sections 1415(f) and (g) expressly provide that the administrative procedures required to be followed and exhausted under IDEA are:

(f) **Impartial due process hearing**.

(1) In general.

(A) Hearing. Whenever a complaint has been received under subsection (b)(6) or (k), the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency.
And

(g) **Appeal.**

(1) In general. If the hearing required by subsection (f) is conducted by a local educational agency, any party aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency.

(2) Impartial review and independent decision. The State educational agency shall conduct an impartial review of the findings and decision appealed under paragraph (1). The officer conducting such review shall make an independent decision upon completion of such review.

The courts confirm that the purpose of the exhaustion rule is to permit agencies to exercise discretion and apply their expertise, to allow the complete development of the record before judicial review, to prevent parties from circumventing the procedures established by Congress, and to avoid unnecessary judicial decisions by giving the agency an opportunity to correct errors.", Urban by Urban v. Jefferson Cnty, Sch. Dist. R-1, 89 F.3d 720, 724 (10th Cir. 1996). Doe v. Smith, 879 F.2d 1340 (6th Cir. 1989).

3

The courts have also confirmed that the above administrative due process requirements must be exhausted by parents before bringing any suit under any other law other than IDEA if the complaint relates to any matter regarding the provision of a free appropriate public education for the child, as protected under IDEA.  Hayes v. Unified School Dist. No. 377, 877 F2d 809, 812 (10th Cir. 1989) and Perez v. Sturgis Pub. Sch 143 S. Ct. 859, 215 L.Ed.2d 95 (2023).

The Supreme Court explained in Perez that the determinative factor as to whether a civil complaint is barred by Section 1415(l) of IDEA, is whether the *relief requested* in the complaint is available under IDEA.

The Supreme Court stated:

Section 1415(l) contains two salient features.  First, the statute sets forth this general rule: "Nothing in [IDEA] shall be construed to restrict" the ability of individuals to seek "remedies" under the ADA or "other Federal laws protecting the rights of children with disabilities."  Second, the statute offers a qualification, prohibiting certain suits with this language: [E]xcept that before the filing of a civil action under such [other federal] laws seeking relief that is also available under this subchapter, the procedures under subsections (f) [*864] and (g) shall be exhausted." In turn, subsections (f) and (g) provide affected children and their parents with the right to a "due process hearing" before a local or state administrative official.  §1415(f)(1)(A), followed by an "appeal" to the state education agency, §1415(g)(1).  Id. at 864.

The Supreme Court expressly explained further that the second clause of Section 1415(l) also bars individuals from pursuing claims under *other* federal laws unless they first exhaust the administrative remedies under IDEA if the relief sought in the complaint is available under IDEA. Id.  The Supreme Court also confirmed in Fry v. Napoleon Community Schools, 580 U.S. 154, 137 S. Ct. 743, 754, 197 L. Ed2d 46 (2017), that the *relief sought* in a complaint is the determinative factor as to whether the suit is barred by Section 1415(l) of IDEA, and held that a plaintiff cannot escape the suit from being banned under Section 1415(l) if the relief sought in the complaint is also recoverable under IDEA.

**II.      The Amended Complaint Only States A Cause Of Action Under IDEA.**

Even though this Court provided the plaintiffs an opportunity to amend their original complaint "to include specific allegations as to exhaustion as well as to plead a cause of action, if any, arising from alleged abuse" in its August 8, 2024 Order [Doc 10]," the amended complaint does neither of these.  Like the original complaint, the amended complaint herein expressly confirms in paragraph 1 that it arises solely under IDEA as it states: "The action seeks relief for violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §14 et seq."  The prayer of the amended complaint further confirms that the sole relief requested is under IDEA, as it expressly states:

> WHEREFORE, Plaintiffs respectfully request that this Court: a. Declare that the Defendants have violated the IDEA; b. Order the Defendants to comply with the IDEA and provide appropriate remedies to the Plaintiffs, including but not limited to compensatory education[2]

Like the original complaint, the amended complaint is void of any cause of action or claim for relief other than under IDEA.  There is still no other cause of action or relief requested in the amended complaint.  The defendants expressly deny any allegations of "abuse" and even if such claims were made or relief requested in the amended complaint, the amended complaint would still have to be dismissed under IDEA, because such allegations still relate to the students' free appropriate public education protected under IDEA.  See <u>Hayes v. Unified School Dist. No. 377</u>, 877 F.2d 809, 813-14 (10th Cir 1989) <u>Franklin v. Frid</u>. 7 F.Supp. 2d 920, 922, 925-26 (W.D. Mich. 1998<u>)</u> (concluding that despite allegations of a school official's intentionally humiliating, poking, hitting, slapping, and verbally abusing a student, the "gravamen of he claim" fell within the

---

[2] It is fundamental that "compensatory education" is solely recoverable under IDEA <u>Perez</u> at 864, <u>Fry</u> at 753 and <u>S.E. v. Grant Cnty. Bd. Educ.</u>, 544 F.3d 633, 643 (6th Cir. 2008).

purview of the IDEA, requiring exhaustion); Waterman v. Marquette-Alger Intermediate Sch. Dist., 739 F. Supp. 361, 364-365 (W.D. Mich. 1990) (citing Hayes).

Therefore, the amended complaint and the original complaint must be dismissed, because:

1. No complaint can be made against Erin Horn, individually under IDEA. R.G. v. Clovis Unified Sch. Dist., 2011 U.S. Dist. LEXIS 2956-7 and Diaz-Foneseca v. Puerto Rico, 451 F.3d 131 (1st Cir 2006) and

2. The amended complaint only states a cause of action solely under IDEA, and as set forth further hereinbelow, the plaintiffs' have not initiated or exhausted their administrative remedies under IDEA.

### III. The Amended Complaint Must Be Dismissed Because Plaintiffs Have Not Initiated And Exhausted Their Administrative Remedies Under IDEA.

The amended complaint confirms that the plaintiffs have not initiated or exhausted their administrative remedies under IDEA. The only administrative IDEA complaint alleged to have been filed in the amended complaint is in paragraph 45 of the amended complaint which alleges:

> "The plaintiffs, functionally, by and through Kristen Gleason, filed an administrative complaint under the IDEA with the Kentucky Department of Education."

The sole basis upon which the plaintiffs' claim they have all exhausted their administrative remedies" is that the Kentucky Department of Education simply issued a report on this single complaint (See paragraph 51 of amended complaint). The complaint and report to which the plaintiffs are referring is documented herein in [Doc 8-1], pages 1-9]. That document confirms that the complaint was not a due process hearing complaint, as required for exhaustion of administrative remedies under IDEA 20 U.S.C. §1415(l) and (f). Doc 8-1, page 2 confirms that the complaint was filed for a single student under 707 KAR 1:340, Section 8, which only provides for a written complaint process with the Kentucky Department of Education, not a full due process hearing proceeding as required for exhaustion under IDEA. In order for any of the plaintiffs to

have initiated a full due process complaint, the complaint must have been filed under 707 KAR 1:340 Section 9, which governs and sets forth the procedures for a full blown due process hearing and appeal therefrom as required for exhaustion of administrative remedies under IDEA 20 U.S.C. §1415(l) and (f).

As set forth in Section l above, the specific procedures to be exhausted under Sections (f) and (g) are: an **impartial due process hearing** before a local or state administrative official as described in detail in Section 1415(f), followed by **an administrative appeal** to the state education agency as described in detail in Section 1415(g).  Doc 8-1 was simply a written complaint to KDE and KDE's report in response thereto under 707 KAR 1:340 Section 8.  There was no impartial due process hearing requested, initiated or held under 707 KAR 1:340 Section 9 as required under Section 1415(f) on any claim by Ms. Gleason, and accordingly there has also been no exhaustion of any appellate remedy under Section 1415(g). Therefore, Ms. Gleason has never initiated or exhausted her administrative due process requirements under IDEA.  Furthermore, Doc 8-1 confirms the written complaint was only filed on behalf of one student.  The amended complaint does not allege that any other complaint has been filed by any of the plaintiffs as required under 20 U.S.C. 1415(l) and (f).

Therefore, the amended complaint confirms that none of the plaintiffs have exhausted, or even initiated, any administrative remedies required before filing this civil action under 20 U.S.C. 1415(l) and (f).  As a result, the amended complaint must be dismissed.

**IV.**     **Conclusion.**

As set forth hereinabove, the original complaint and amended complaint only state a cause of action under IDEA, and none of the plaintiffs have exhausted or even initiated any administrative remedies required before filing this action under IDEA 20 U.S.C. §1415(l) and (f).

As a result, the plaintiffs' exclusive remedy for the allegations made and relief requested in the original complaint and amended complaint remains with the Kentucky Department of Education under IDEA, and the original complaint and amended complaint must be dismissed under Fed. R. Civ. P. 12 because this court lacks jurisdiction over the complaints and the complaints fail to state a claim upon which relief can be granted.

Wherefore, for all of the reasons above, the complaints must be dismissed in their entirety.

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782
Email: cpriest@elpolaw.com


*/s/ W. Cravens Priest III*
MICHAEL A. OWSLEY
W. CRAVENS PRIEST III


CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2024, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will serve an electronic copy, upon the following:

Brandon M. Music
311 W. Main Street
P.O. Box 608
Grayson, KY 41143

*/s/ W. Cravens Priest III*
Michael A. Owsley
W. Cravens Priest III

3869178