**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**
**CIVIL ACTION NO. 0:24-CV-14-DLB-EBA**

KRISTEN GLEASON, RAINA MACRI, JESSICA
VIRGIN, KATHERINE CHILDERS, MARLENE
MCCOY ADAMS, CHRISTY LYNN VIARS, SARA
KISER, individually and on behalf their minor children         PLAINTIFFS

VS.            **ANSWER TO AMENDED COMPLAINT**

RACELAND-WORTHINGTON INDEPENDENT
SCHOOL SYSTEM, and MS. ERIN HORN         DEFENDANTS

The putative defendant, Raceland-Worthington Independent School System[1], and the defendant, Erin Horn, (hereinafter collectively "the defendants"), state as follows as their responses to the amended complaint:

**FIRST DEFENSE**

As set forth in the defendants' motion to dismiss amended complaint, incorporated herein, and further stated herein, the amended complaint must be dismissed under Fed. R. Civ. P. 12 for insufficient process, insufficient service of process, lack of jurisdiction, failure to state a claim upon which relief can be granted and failure to join proper party.

**SECOND DEFENSE**

1.      The defendants deny the allegations contained in paragraphs 2, 3, 4, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, and 51 of the amended complaint, and also expressly deny that the plaintiffs are entitled to any and all relief requested in the prayer of the amended complaint.

---

[1] The Raceland-Worthington Independent School System is not a legal entity and is not capable of being sued.

2. The defendants admit the allegations contained in paragraphs 6 and 7 of the amended complaint only insofar as they state Raceland-Worthington Independent School System has responsibility to provide public education to students in Raceland, Kentucky and that Erin Horn was a teacher in the Raceland-Worthington Independent School System. All remaining allegations in paragraphs 6 and 7 are denied.

3. The defendants deny the allegations contained in paragraph 10 of the amended complaint insofar as it states that the defendants did not include necessary accommodations in a child's IEP.

4. The defendants are without knowledge or information sufficient to form an opinion or belief as to the truth or falsity of the allegations contained in paragraphs 5 and 52 of the amended complaint, and therefore deny same.

5. Paragraphs 1 and 8 of the amended complaint assert legal claims and conclusions for which no response is required. To the extent a response is required, the allegations in said paragraphs are denied. Furthermore, the defendants deny that they did the "list of actions" referred to and alleged in paragraph 8 of the amended complaint and also deny that they caused any of the harm referred to in paragraph 8 of the amended complaint.

6. The defendants admit the allegations contained in paragraph 47 of the amended complaint only insofar as Kristen Gleason did file a written formal complaint to KDE on behalf of only one student, but the defendants expressly deny that complaint initiated any administrative due process as required under IDEA on behalf of that one student, because it was not a complaint requesting a due process hearing as required under 20 U.S.C. §1415 in order to exhaust administrative remedies under IDEA. The defendants deny all remaining allegations contained in

paragraph 47 and expressly deny that any complaint filed by Kristen Gleason "functionally" initiated any complaint or proceeding for any of the plaintiffs.

7.  The defendants admit the allegations in paragraph 50 of the amended complaint only insofar as it states that the Kentucky Department of Education determined there was a single clerical correction needed to be made on one single student's documentation, however, the defendants deny all remaining allegations contained in paragraph 50.

8.  The defendants admit the allegations in paragraph 53 of the amended complaint only insofar as it states following Kristen Gleason's written formal complaint to KDE on behalf of only one student, (referred to in paragraph 47), KDE determined there was a single clerical correction needed to be made to that one student's documentation and recommended training. The defendants deny all remaining allegations contained in paragraph 53 and expressly deny that the written complaint filed for one student by Kristen Gleason initiated any due process required under IDEA on behalf of that one student, or any other students, and further expressly deny that any determination by KDE exhausted any administrative remedies under IDEA for that one student or any other student because the complaint was not a complaint requesting a due process hearing as required under 20 U.S.C. §1415 in order to exhaust administrative remedies under IDEA.

9.  With regard to paragraph 54 of the amended complaint, defendants reassert and incorporate herein by reference each denial, affirmative defense and response to any claims of alleged federal IDEA violations asserted therein. In addition, paragraph 54 of the amended complaint references and attempts to incorporate matters in subsequently numbered Paragraphs 55-122 of the amended complaint via language that is not clear but apparently in alleged support of the federal IDEA violation claims; as indicated in this matter, plaintiffs have failed to exhaust their administrative remedies and failed to meet their burden of proving they exhausted their

administrative remedies as required prior to bringing such claims, so such claims within Paragraphs 54-122 do not require a response from these defendants in these proceedings. To the extent a response herein is needed, defendants state that the allegations as set out and as asserted within those paragraphs of the amended complaint are vague, unclear and uncertain as to persons involved and also drafted in a manner that defendants are without information sufficient to admit to same and thus by rule deny same.

10. The defendants incorporate by reference herein their answer to and motion to dismiss the original complaint and request that the original complaint be dismissed.

11. Any and all allegations in the original and amended complaints not expressly admitted herein are denied.

### THIRD DEFENSE

The defendants plead that the individuals named as plaintiffs in the amended complaint are not the real parties in interest and the amended complaint must be dismissed under Fed. R. Civil P. 17.

### FOURTH DEFENSE

The defendants plead that the defendants named in the amended complaint are not the real parties in interest and the amended complaint must be dismissed under Fed. R. Civil P. 17.

### FIFTH DEFENSE

The defendants plead and rely upon the statutory, Constitutional and common law of governmental immunity, official immunity and qualified official immunity, so as to bar any recovery by the plaintiffs.

## SIXTH DEFENSE

The defendants plead immunity pursuant to the Eleventh Amendment of the United States Constitution.

## SEVENTH DEFENSE

The defendants plead estoppel, laches, and waiver as affirmative defenses as to the plaintiffs' amended complaint, and further plead and incorporate herein by reference, all other affirmative defenses set forth in Fed. R. Civil P. 8 that may be implicated by discovery in this case.

## EIGHTH DEFENSE

The defendants plead plaintiffs' failure to comply with all policies and procedures applicable to them.

## NINTH DEFENSE

The plaintiffs' claims are barred because the plaintiffs have failed to mitigate alleged damages.

## TENTH DEFENSE

The plaintiffs' claims are barred for failure to exhaust administrative remedies and failure to meet the statutory and administrative prerequisites and/or conditions precedent to filing this action.

## ELEVENTH DEFENSE

All actions taken toward the plaintiffs and the minor children were based on legitimate, nondiscriminatory reasons, which were not pretextual, and which did not violate any legal right possessed by the plaintiffs or the minor children.

**TWELTH DEFENSE**

All actions were justified, not arbitrary, and were taken for good cause and in good faith and were based upon factors other than any alleged discrimination of plaintiffs or the minor children, based upon disability, or any other protected basis.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred by all applicable statutes of limitations.

**FOURTEENTH DEFENSE**

Some or all of plaintiffs' claims are barred because, even to the extent any person affiliated with the defendants engaged in conduct contrary to the law (an allegation which the defendants deny), such conduct was outside the scope of that person's authority and occurred without consent or ratification of the defendants, and the defendants cannot be held vicariously liable for alleged actions or misconduct that is contrary to the express policies, procedures, and good faith efforts of the defendants to comply with applicable laws.

**FIFTEENTH DEFENSE**

The plaintiffs' claims are barred except as specifically authorized by the language of The Individuals with Disabilities Education Act 20 U.S.C. §1400 *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000d, *et seq*. and any and all other laws alleged herein.

**SIXTEENTH DEFENSE**

Some or all of plaintiffs' claims, including claims for damages, are barred because the defendants' actions were not malicious, fraudulent, oppressive, egregious, in bad faith, or in willful or reckless indifference to or disregard for the plaintiffs' or minor childrens' legal rights, and plaintiffs have plead no such facts.

### SEVENTEENTH DEFENSE

The plaintiffs cannot allege or establish a legal basis or sufficient facts to permit or entitle them to recover punitive damages, and any award of punitive damages would violate the defendants' rights under the United States Constitution, including without limitation, the Due Process Clause, and/or the Equal Protection Clause.

### EIGHTEENTH DEFENSE

To the extent Erin Horn has been sued in her individual capacity, she is immune from suit pursuant to the defense of qualified official immunity.

### NINETEENTH DEFENSE

The defendants reserve the right to raise any and all separate defenses that may become evident during discovery and during other proceedings in this action.

### TWENTIETH DEFENSE

The plaintiffs' amended complaint is barred because the damages allegedly sustained by the plaintiffs or the minor children, were caused by the acts and/or omissions of the plaintiffs or the minor children, and/or by acts or omissions by persons or entities that are not a party to this action.

### TWENTY-FIRST DEFENSE

The plaintiffs' claims are barred because at all times the defendants acted in good faith and pursuant to applicable law and based upon the best information reasonably available to them at the time and were made for legitimate reasons, and were based upon reasonable factors.

### TWENTY-SECOND DEFENSE

The plaintiffs' claims are barred because the defendants fulfilled any duty they may have owed to the plaintiffs and the minor children.

**TWENTY-THIRD DEFENSE**

As an affirmative defense, the defendants plead that the plaintiffs' claims are barred by the provisions of the Paul D. Coverdale Teacher Protection Act 20 U.S.C. §§ 6731-6738.

**TWENTY-FOURTH DEFENSE**

Without admitting any fault, negligence or liability on the part of the defendants, in the event the defendants are found to be negligent, at fault or liable in any respect, which is expressly denied, then the defendants are entitled to an apportionment instruction to determine the percentage of responsibility or liability or causation among the plaintiffs, the minor children., and any other person, corporation or entity who have or may have caused or contributed to cause the alleged injuries and damages whether or not a party to this litigation.

**TWENTY-FIFTH DEFENSE**

The plaintiffs' claims are barred because the defendants' conduct was in whole or in part, properly within their discretionary authority to perform their official functions, and the relief prayed for would constitute an improper intrusion by the judiciary into said discretionary authority.

WHEREFORE, the defendants, pray for relief as follows:

A. An order dismissing, with prejudice, the plaintiffs' original and amended complaints herein so that they take nothing therein;

B. All costs and attorney's fees expended herein;

C. A trial by jury; and

D. All other relief to which the defendants may appear entitled.

                    ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
                    1101 College Street, P.O. Box 770
                    Bowling Green, KY 42102-0770
                    Telephone: (270) 781-6500
                    Fax: (270) 782-7782
                    E-mail: mowsley@elpolaw.com
                              cpriest@elpolaw.com
                    Attorneys for Defendants

                    BY: /s/ W. Cravens Priest III
                    MICHAEL A. OWSLEY
                    W. CRAVENS PRIEST III

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing was this the 5th day of September, 2024, electronically filed with the Clerk of the Court using the CM/EFC System, which will send an electronic copy to the following:

    Brandon M. Music
    311 W. Main Street
    P.O. Box 608
    Grayson, KY 41143

                    BY: /s/ W. Cravens Priest III
                    MICHAEL A. OWSLEY
                    W. CRAVENS PRIEST III