UNITED STATES DISTRICT COURT
EASTERN DISTICT OF KENTUCKY
CIVIL ACTION NO. 24-cv-00014-DLB-EBA

KRISTEN GLEASON, et al,                                                                    PLAINTIFFS,

vs.

***PLAINTIFFS RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS SECOND MOTION TO DISMISS***

RACELAND -WORTHINGTON INDEPENDENT                                  DEFENDANT.
SCHOOL DISTRICT, et al,

---

Comes now the Plaintiffs, by and through their undersigned counsel, and hereby oppose the Motion to Dismiss filed by Defendants (Doc #: 12) and in support thereof provided the follow Memorandum of Law and Motion in Opposition to Defendants' Second Motion to Dismiss:

**INTRODUCTION**

IDEA was enacted to address the pervasive problem of insufficient access to education for children with disabilities. At its core, IDEA ensures that all children with disabilities are entitled to a FAPE that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living [20 U.S.C. § 1400(d)(1)(A)]. The Act establishes a collaborative process involving parents, educators, and local educational agencies (LEAs) to develop an individualized education program (IEP) for each eligible child, serving as a blueprint for the educational services they will receive [20 U.S.C. § 1414(d)].

A critical component of IDEA is its exhaustion requirement, which mandates that parties seeking relief for disputes related to the provision of a FAPE first engage in the Act's detailed

administrative procedures. These procedures include mediation, due process complaints, due process hearings, and state-level reviews [20 U.S.C. § 1415(f)-(g)]. The exhaustion requirement serves multiple purposes: it allows educational experts to resolve disputes within their realm of expertise, it provides an opportunity for the dispute to be resolved more swiftly and less formally than in court, and it ensures that the judicial system is presented with a comprehensive record should litigation ensue 20 U.S.C. § 1415(l); Honig v. Doe, 484 U.S. 305, 326 (1988)].

Plaintiffs, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Second Motion to Dismiss, filed on September 5, 2024. Plaintiffs respectfully oppose Defendants' motion under Fed. R. Civ. P. 12(b)(6) and, in addition, request leave to file a Second Amended Complaint to assert claims under the Americans with Disabilities Act (ADA) in light of the U.S. Supreme Court's decision in *Perez v. Sturgis Public Schools,* et al., slip op., No. 21-887 (S. Ct. Mar. 21, 2023).  Plaintiffs additionally restated as if stated verbatim herein, its original response to the Defendants First Motion to Dismiss (Doc #: 6).

### ARGUMENT I

***DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED BECAUSE PLAINTIFFS'
CLAIMS ARE NOT SOLELY GOVERNED BY THE IDEA***

Defendants continue to assert that Plaintiffs' Amended Complaint is solely an IDEA claim and thus must be dismissed for failure to name a proper defendant and exhaust IDEA administrative remedies. This is incorrect. Plaintiffs' claims, including those for abuse, threats, and tortious conduct by Defendant Erin Horn, extend beyond the educational context governed by IDEA.

In *Fry v. Napoleon Community Schools,* 580 U.S. 154 (2017), the Supreme Court made it clear that exhaustion of administrative remedies is not required when the core of the lawsuit involves something other than the denial of a free appropriate public education (FAPE). Plaintiffs allege that Defendant Erin Horn's actions—including abuse and threats of physical violence—are not merely failures in providing an appropriate education, but tortious acts that fall outside the protections and obligations of IDEA.  Additionally, they claim it must be dismissed because Erin Horn is an individual, and they claim the Defendant (RWIS) was not a proper party to be sued.  In fact the Defendants make the assertion, unsupported by case law, that this case going against Erin Horn constitutes malicious prosecution, without citing to any such case law to back up such a claim.  Seven parents and guardians seek redress for the abuse of their children by the perpetrator, as determined by an independent state agency.  Plaintiffs respectfully submit there is nothing malicious about protecting children using appropriate legal process.

Defendants cite *R.G. v. Clovis Unified Sch. Dist*. and *Diaz-Foneseca v. Puerto Rico* to assert that individuals like Defendant Erin Horn cannot be held liable under IDEA. However, Plaintiffs do not seek to hold Horn liable under IDEA. Plaintiffs' claims against Defendant Horn relate to her abusive conduct, which violates common law rights and falls outside IDEA's framework, as courts have consistently held that claims for physical abuse or misconduct do not require administrative exhaustion under IDEA.  If Defendant Horn believes that the alleged abusive behavior was consistent with practice and policy of RWIS, Plaintiffs are eager to understand how.

**ARGUMENT II**

*DEFENDANTS' MOTION SHOULD BE OVERRULED THE RACELAND-WORTHINGTON INDEPENDENT SCHOOL SYSTEM'S ARGUMENTS BASED ON LEGAL ENTITY STATUS ARE PROCEDURALLY IMPROPER*

Defendants' argument that the Raceland-Worthington Independent School System (RWIS) is not a proper legal entity capable of being sued is procedurally improper. Defendants have already engaged with this litigation by accepting service and filing multiple pleadings. This Court should apply the doctrine of estoppel to prevent Defendants from now seeking dismissal on the grounds of a technical misnomer. In fact they do not assert what or whom the "proper" party is.

Federal Rule of Civil Procedure 17(a)(3) allows Plaintiffs to amend the Complaint to correct any deficiencies in naming the proper party. It is disingenuous for Defendants to argue that RWIS is not a legal entity when it has fully participated in the legal process, including receiving certified mail and submitting formal responses. As such, Defendants are or ought be estopped from using this as grounds for dismissal. They have actual and constructive notice of this lawsuit, and dismissal on these grounds would be unjust and inconsistent with Rule 17(a)(3), which seeks the just, speedy, and inexpensive determination of actions.

Despite RWIS' claim that it is not the proper party, it has still not stated what the proper name for it should be. RWIS cannot claim its an improper party without asserting what or whom the proper party is.

**ARGUMENT III**

*THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO FILE A SECOND AMENDED COMPLAINT UNDER THE ADA BASED ON PEREZ V. STURGIS PUBLIC SCHOOLS.*

Plaintiffs request leave to amend the complaint to add claims for compensatory damages under the ADA to the extent its unclear. In *Perez v. Sturgis Public Schools*, the U.S. Supreme Court held that plaintiffs seeking relief under laws like the ADA, which provide remedies unavailable under IDEA, are not required to exhaust IDEA's administrative procedures.

In *Perez* a student who was denied proper educational services under IDEA settled his IDEA claims and subsequently brought a lawsuit under the ADA for compensatory damages. The Supreme Court ruled that because compensatory damages are unavailable under IDEA, the plaintiff was not required to exhaust IDEA remedies before proceeding with the ADA claims. This ruling is directly applicable here, as Plaintiffs intend to seek compensatory damages for the harm suffered, including emotional and physical harm to the minor children.

The law is clear that parties should be allowed to freely amend complaints when justice requires. Plaintiffs provided an extensive list of the injuries suffered by these exceptional children, thus satisfying FRCP 8. In pertinent part FRCP 8 provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiffs cited to 28 U.S.C. § 1331 and 1343, showing that the basis for jurisdiction is not just the IDEA but obvious federal question jurisdiction under the ADA and civil rights violations

like the ADA. With respect to Section 2, the first amended complaint contained significant statements of fact showing the plaintiffs are otherwise entitled to relief. The demand for relief sought included "for a findings (sic) that the federal rights of the children and their parents have been violated based upon the egregious actions of the Defendants". If Defendants belief that demand for compensatory damages is otherwise needed, plaintiffs will be happy to amend the complaint so.

### ARGUMENT IV

*THE COURT SHOULD DENY THE DEFENDANTS' MOTION TO DISMISS BECAUSE CLAIMS OUTSIDE OF THE IDEA ARE PRESENT IN THE COMPLAINT*

Defendants' Second Motion to Dismiss erroneously asserts that the claims brought by the Plaintiffs are solely governed by the Individuals with Disabilities Education Act (IDEA) and that no cause of action can be asserted against Defendant Erin Horn or the Raceland-Worthington Independent School System (RWIS). Plaintiffs' claims, however, extend beyond the scope of the IDEA, particularly with respect to allegations of abuse and violations of state and federal laws independent of the IDEA.

As the Supreme Court has previously held, claims of abuse, threats, and physical violence fall outside the IDEA. In *Fry v. Napoleon Community Schools*, 580 U.S. 154 (2017), the U.S. Supreme Court clarified that exhaustion of IDEA's administrative procedures is not required when the gravamen of the lawsuit is not the denial of a free appropriate public education (FAPE). Plaintiffs' claims, particularly those relating to physical and emotional harm, are not limited to the scope of the IDEA and therefore should not be dismissed based solely on exhaustion requirements under the IDEA.

## II. THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO FILE A SECOND AMENDED COMPLAINT TO INCLUDE A CLAIM FOR COMPENSATION UNDER THE ADA

In light of the Supreme Court's ruling in *Perez v. Sturgis Public Schools*, Plaintiffs respectfully request leave to amend the Complaint to assert a claim under the Americans with Disabilities Act (ADA) for compensatory damages. In *Perez*, the Court resolved a split among the circuits and held that plaintiffs seeking relief under laws other than the IDEA, such as the ADA, are not required to exhaust administrative remedies under the IDEA when the relief sought is not available under the IDEA.

In *Perez*, a hearing-impaired student brought a lawsuit under the ADA after settling an administrative IDEA complaint. The school district argued that the ADA claim was barred because the plaintiff had not exhausted his IDEA administrative remedies. The Supreme Court rejected that argument, holding that exhaustion under IDEA is only required when a plaintiff seeks relief that is also available under the IDEA. Since the ADA provides compensatory damages—relief unavailable under the IDEA—the exhaustion requirement does not apply.

Applying *Perez* to this case, Plaintiffs assert that they should be permitted to seek compensatory damages under the ADA for the harm suffered by their children, including claims of abuse and neglect by school officials. Compensatory damages are not available under the IDEA, and therefore, under the ruling in *Perez*, Plaintiffs are not required to exhaust IDEA remedies before bringing ADA claims. This precedent allows Plaintiffs to pursue ADA claims without the procedural barrier that Defendants attempt to impose.

Additionally, as stated previously, defendants failed to participate in the IDEA administrative process. A request for mediation was ignored, an investigation was held, in which they did not participate, and Plaintiff Kristen Gleason received a determination and finding that was entirely appropriate for her, if only the school would implement it. Of course, the education officials rightfully concluded that allegations of abuse are outside the IDEA. Instead, Defendants hide behind the protection afforded by due process under the IDEA but refuse to take those affirmative steps necessary to make due process anything other than futile. Plaintiffs cannot have meaningful IDEA administrative process, if one party refuses to participate or act on the findings.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER THE IDEA WOULD BE FUTILE

Defendants continue to argue that Plaintiffs have not properly exhausted their administrative remedies under the IDEA. However, the failure of the Raceland-Worthington Independent School System to engage meaningfully in the administrative process—by failing to respond or participate in due process proceedings—renders exhaustion futile. Courts have consistently held that exhaustion is not required where it would be inadequate or futile. See *Honig v. Doe*, 484 U.S. 305, 327 (1988).

Plaintiffs have already provided evidence that administrative remedies were pursued to the extent possible, including the filing of administrative complaints. However, due to the school district's lack of engagement, no meaningful resolution could be obtained through administrative proceedings, which further supports the futility of requiring additional administrative action.

**IV. THE COURT SHOULD ALLOW PLAINTIFFS TO AMEND THE COMPLAINT**

Under Fed. R. Civ. P. 15(a)(2), leave to amend should be freely given when justice so requires. Courts favor allowing amendments to ensure claims are decided on their merits rather than on procedural technicalities. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs have a legitimate basis for seeking leave to file a Second Amended Complaint to include ADA claims in accordance with the ruling in Perez, which clarifies the distinct rights and remedies available under the ADA.

Defendants will suffer no undue prejudice from the amendment, and allowing Plaintiffs to pursue their claims under the ADA will facilitate the fair and just resolution of this case.

## **CONCLUSION**

For the reasons stated herein and in previous sections, Plaintiffs respectfully request that the Court deny Defendants' Second Motion to Dismiss or allow them to amend pursuant to FRCP 15(2) and other applicable law to assert a claim for compensatory damages under the ADA. The Defendant School District's failure to engage in the administrative process constitutes a waiver of their argument that Plaintiffs must exhaust administrative remedies under IDEA before seeking judicial intervention or its otherwise futile. Plaintiffs have adequately articulated claims that merit judicial consideration and, where necessary, request leave to amend their complaint to address any deficiencies. Plaintiffs seek a resolution that upholds the rights and protections afforded to their children under federal law, including IDEA and the ADA, and are entitled to have these claims heard and adjudicated on their merits.

RESPECTFULLY SUBMITTED,

W. JEFFREY SCOTT, P.S.C.

BY: /s/ Brandon M. Music
BRANDON MICHAEL MUSIC
ATTORNEY FOR PLAINTIFFS
311 WEST MAIN STREET
P.O. BOX 608
GRAYSON, KY  41143
(606) 474-5194
FAX: 606-474-5196
EMAIL: brandon.m.music@gmail.com
BAR ID: 93785

CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2024, I electronically filed the foregoing with the clerk of the court using CM/ECF system, and served via CM/ECF System this to the following persons:

W. Cravens Priest II, Michael Owsley
1101 College Street, PO Box 770
Bowling Green, Ky 42102-0770

/s/ Brandon M. Music