UNITED STATES DISTRICT COURT
EASTERN DISTICT OF KENTUCKY
CIVIL ACTION NO. 24-cv-00014-DLB-EBA

KRISTEN GLEASON, et al,                                                                PLAINTIFFS,

vs.

***ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS***

RACELAND -WORTHINGTON INDEPENDENT                               DEFENDANT.
SCHOOL DISTRICT, et al,

---

Before the Court is Defendants' Second Motion to Dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Upon consideration of the motion, the response thereto, and the applicable law, the Court finds the following:

The Defendants argue that the Complaint must be dismissed for failure to exhaust administrative remedies under the Individuals with  Individuals with Disabilities Education Act (IDEA) and for naming an incorrect party as Defendant and that a teacher cannot be sued. However, Plaintiffs contend that they have either exhausted the required administrative remedies or that such remedies would be futile or inadequate under the circumstances. Plaintiffs further assert that if there are deficiencies in the naming of the Defendant entity or in the clarity of the claims outside the scope of IDEA, they are entitled to amend their Complaint to correct such deficiencies.

**FINDINGS:**

1. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**: The Court recognizes the requirement under IDEA for plaintiffs to exhaust administrative remedies before seeking relief in

federal court. However, the Court also acknowledges the exceptions to this requirement, particularly where the administrative process would be futile or inadequate to protect the rights of the party. The Supreme Court in *Fry v. Napoleon Community Schools*, 580 U.S. 154 (2017), clarified that exhaustion of IDEA's administrative remedies is not requisite when the gravamen of the plaintiff's lawsuit is something other than the denial of the IDEA's core guarantee—what the Act calls a "free appropriate public education."

2. **DEFENDANTS' PARTICIPATION IN ADMINISTRATIVE PROCESS** : The Court is concerned by the allegations that Defendants refused to participate meaningfully in the administrative process, potentially undermining the purpose of the exhaustion requirement and possibly warranting its waiver in this case.

3. **IDENTIFICATION OF PROPER DEFENDANT**: The Court notes the dispute over the correct naming of the Defendant entity but finds that this is a matter that can be rectified through amendment of the Complaint rather than dismissal of the action.

    Being otherwise fully and sufficiently advised the Court ***ORDERS*** as follows:

1. Defendants' Motion to Dismiss is hereby DENIED. The Court finds sufficient grounds to allow Plaintiffs the opportunity to clarify their claims and, if necessary, correct the identification of the Defendant entity.

2. Plaintiffs are DIRECTED to file an Amended Complaint within 10 days from the date of this Order. The Amended Complaint should address any ambiguities regarding the exhaustion of administrative remedies, clarify the claims that are asserted beyond the scope of IDEA, and correct the naming of the Defendant entity if appropriate.

3. Defendants shall respond to the Second Amended Complaint within the time allowed by the Federal Rules of Civil Procedure following its filing.

    Failure to comply with this Order may result in sanctions, including the potential dismissal of claims without further notice.

IT IS SO ORDERED.

Dated this _____ day of _____, 2024.

_____, JUDGE  
UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF KENTUCKY
