# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# ASHLAND DIVISION
# CIVIL ACTION NO. 0:24-CV-00014-DLB-EBA

KRISTEN GLEASON, et al.                                              PLAINTIFFS

vs.

RACELAND-WORTHINGTON INDEPENDENT
SCHOOL DISTRICT, and MS. ERIN HORN                                   DEFENDANTS

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

The defendant, Erin Horn, and the putative defendant, Raceland-Worthington Independent School District, state as follows in reply to plaintiffs' response to their Motion to Dismiss:

**I.    The Amended Complaint Against Erin Horn Must Be Dismissed Because Individuals Cannot Be Sued for Alleged Violations Of IDEA.**

As set forth in the Motion to Dismiss the Amended Complaint, the sole cause of action in the Amended Complaint is for alleged violation of the IDEA.

The IDEA applies only to public board of education, not individuals. *R.G. Clovis Unified Sch. Dist.*, 2011 U.S. Dist. LEXIS 29567 (E.D. Cal. Mar. 22, 2011); *Diaz-Foneseca v. Puerto Rico*, 451 F.3d 13 (1st Cir. 2006). Courts have held that individuals do not bear the responsibility for providing free appropriate public education required by IDEA, and thus cannot be held liable under the IDEA. *Everett H v. Dry Creek Joint Elem. Sch. Dist.*, 5 F.Supp.3d 1167 (E.D. Cal. Mar. 20, 2014); *A.A. v. Clovis Unified Sch. Dist.*, 2014 U.S. Dist. LEXIS 95568 (E.D. Cal. July 11, 2014). Because Ms. Horn is an individual, she does not bear the responsibility for providing free appropriate public education required by IDEA, and the IDEA does not apply to her in her

individual capacity. Therefore, Ms. Horn cannot be held liable under the IDEA and the Amended Complaint against her must be dismissed.

In their Response to the Motion to Dismiss the Amended Complaint, plaintiffs argue that they do not seek to hold Horn liable under the IDEA [Doc 14], however plaintiffs' Amended Complaint still seeks relief solely for alleged violations of the IDEA. Paragraph One of the Amended Complaint expressly confirms this, stating, "[t]he action seeks relief for violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq." [Doc 11]. Moreover, the prayer for relief confirms that the sole relief sought is under IDEA, expressly stating:

> WHEREFORE, Plaintiffs respectfully request that this Court: a. Declare that the Defendants have violated the IDEA; b. Order the Defendants to comply with the IDEA and provide appropriate remedies to the Plaintiffs, including by not limited to compensatory education[1]

[Doc 11]. Plaintiffs' Amended Complaint is entirely devoid of any cause of action or claim for relief other than under IDEA and plaintiffs cannot recover from Ms. Horn under the IDEA, therefore the Amended Complaint against her must be dismissed.

Even if plaintiffs made allegations outside of IDEA, which they did not, the Amended Complaint must still be dismissed because plaintiffs' allegations still solely relate to students' free appropriate public education protected under IDEA. *See Hayes v. Unified School Dist. No. 377*, 877 F.2d 809, 813-14 (10th Cir. 1989); *Franklin v. Frid.*, 7 F. Supp 2d 920, 922 and 925-26 (W.D. Mich. 1998) (concluding that despite allegations of a school official's intentionally humiliating, and abusing a student, both verbally and physical, the "gravamen of the claim" fell with the purview of the IDEA).

---

[1] It is fundamental that "compensatory education" is solely recoverable under IDEA. *Perez v. Sturgis Pub. Sch.*, 143 S.Ct. 859, 864 (2023); *Fry v. Napolean County Sch.*, 137 S.Ct. 743, 753 (2017); *S.E. v. Grant Cnty. Bd. Educ.*, 544 F.3d 633, 643 (6th Cir. 2008).

Therefore, the Amended Complaint made against Ms. Horn must be dismissed because a complaint cannot be made against an individual under the IDEA and the Amended Complaint asserts no other recoverable cause of action against Ms. Horn.

## II. The Amended Complaint Against Raceland-Worthington Independent School District Must Be Dismissed Because It Is Not an Entity Capable of Being Sued.

The Amended Complaint must also be dismissed because it names Raceland-Worthington Independent School District as a defendant. However, the Raceland-Worthington Independent School District is not a legal entity and is not capable of being sued. KRS 160.160 defines the general powers of public school districts and confirms that public school districts are not independent legal entities and are not capable of suing or being sued. As stated in defendants' Motion to Dismiss the Amended Complaint, the failure to name a proper party equates to insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4)-(5).

Moreover, because the putative defendant, Raceland-Worthington Independent School District, is not an entity capable of being sued, it is not a "real party in interest," and a reasonable time has been allowed for plaintiffs to join or substitute the real party in the action, therefore this Complaint must be dismissed. Fed. R. Civ. P. 17(a)(3). Plaintiffs filed their initial Complaint on February 1, 2024. Defendants filed their Motion to Dismiss and Answer, both indicating that Raceland-Worthington Independent School District was not the proper party, on March 5, 2024. Plaintiff failed to substitute the proper party. The Court even granted the plaintiffs leave to amend their complaint, which plaintiffs filed on August 28, 2024. The Amended Complaint still failed to name the proper defendant. Plaintiffs have been on notice that the named defendant is improper for approximately eight months now, which is more than a reasonable time to substitute the proper party. Therefore, the Court must dismiss this action for failure to join the real party of interest.

The plaintiffs, correctly, state that the defendants have not asserted what or whom the proper party is. However, the defendants have no responsibility or obligation to provide plaintiffs with the name of the proper party. This is solely plaintiffs' responsibility.

Further, the plaintiffs argue that because defendants have already engaged with this litigation by accepting service and filing pleadings, they should be estopped from seeking dismissal based on improper joinder. However, plaintiffs provide no legal basis for this argument, that engaging in litigation constitutes some sort of waiver. Even so, Raceland-Worthington Independent School District has not engaged in the litigation. Their only filings in this case have been Answers, Motions to Dismiss, and Replies to plaintiffs' Response to the Motion to Dismiss as a putative defendant. These pleadings have not been filed to engage the litigation, but to dismiss the litigation, as each document notes that Raceland-Worthington Independent School District is not an entity capable of being sued and is therefore not a proper defendant. Without any filings, the defendants are unable to have the complaint against them dismissed. These filings cannot be considered engaging in litigation; rather, they are attempts to have this case dismissed. Hence, plaintiffs' argument is invalid.

Therefore, because Raceland-Worthington Independent School District is not a legal entity capable of being sued and plaintiffs have failed to join or substitute the proper party, the Amended Complaint against Raceland-Worthington Independent School District must be dismissed.

**III.  The Amended Complaint Must Be Dismissed Because Plaintiffs Have Not Initiated or Exhausted Their Administrative Remedies Under The IDEA.**

The Amended Complaint and Response to defendants' Motion to Dismiss confirms that the plaintiffs have not initiated or exhausted their administrative remedies under the IDEA. The only reference to an IDEA complaint alleged to have been filed in the Amended Complaint is an "administrative complaint under the IDEA with the Kentucky Department of Education" by

Kristen Gleason [DN 11 ¶ 47]. However, the IDEA complaint filed was not a due process complaint, as required for exhaustion of administrative remedies under IDEA 20 U.S.C. § 1415(l) and (f). Because Gleason did not file the necessary complaint to initiate the administrative process, no impartial due process hearing was held, nor was there an opportunity to appeal therefrom, as provided by IDEA. 20 U.S.C. § 1415(f) and (g). Therefore, Gleason has neither exhausted nor initiated any administrative remedies under IDEA.

Plaintiffs argue that exhaustion of said administrative remedies would be inadequate or futile because Raceland-Worthington Independent Schools has failed to meaningfully engage in the complaint filed by Gleason. But, as previously stated, Gleason failed to file the proper due process complaint, therefore no IDEA administrative proceedings were ever initiated. Defendants cannot fail to participate in administrative proceedings that were never initiated, ultimately rendering plaintiffs' argument void. Had the plaintiffs filed the proper complaint and initiated the proper administrative remedies, the defendants would have participated in the formal due process hearing and all of the proceedings. But plaintiff Gleason failed to properly file the due process complaint; therefore, she has not initiated or exhausted her administrative remedies and her claim must be barred.

Furthermore, the written complaint filed by Gleason was the sole complaint even alleged to have been filed. No other complaint has been filed or even alleged to have been filed on behalf of any of the other plaintiffs: Macri, Virgin, Chiders, Adams, Viars or Kiser. There is no evidence that any plaintiff has filed a due process complaint to initiate administrative action under the IDEA. Thus, the remaining plaintiffs have also failed to initiate and exhaust their administrative remedies and their claims must also be barred.

The plaintiffs even state in their response, the purpose of the exhaustion rule is to "permit agencies to exercise discretion and apply their expertise, to allow the complete development of the record before judicial review, to prevent parties from circumventing the procedures established by Congress, and to avoid unnecessary judicial decisions by giving the agency an opportunity to correct errors." *Urban by Urban v. Jefferson Co. Sch. Dist. R-1*, 89 F.3d 720, 724 (10th Cir. 1996); *Doe v. Smith*, 879 F.2d 1340 (6th Cir. 1989). Because the plaintiffs have failed to exhaust their administrative remedies: the Kentucky Department of Education has been unable to apply its expertise, there has been no complete development of the record prior to judicial review, and there has been no opportunity for correction of errors. Instead, plaintiffs have filed this action, without exhausting, or even attempting, the required administrative procedures, in an attempt to circumvent the procedures established by Congress.

Therefore, because the plaintiffs have failed to exhaust their administrative remedies required before filing this action under IDEA 20 U.S.C. § 1415(l) and (f), the Amended Complaint must be dismissed.

### IV. The Amended Complaint Must Be Dismissed Because It Is Barred Under IDEA And Plaintiffs State No Other Cause of Action.

Ultimately, plaintiffs only plead a violation of IDEA, and because their Amended Complaint is barred under the IDEA, the Amended Complaint must be dismissed. The sole cause of action pled in plaintiffs' Complaint and Amended Complaint is a violation of IDEA. No other specific cause of action is pled, or even referred to. Plaintiffs' IDEA claims are barred because (1) an individual is not liable under the IDEA, (2) the Raceland-Worthington Independent School District is not an entity capable of being sued, and (3) the plaintiffs have failed to exhaust their administrative remedies.

Plaintiffs plead no cause of action other than IDEA in their Complaint and Amended Complaint and the prayer for relief solely seeks relief under the IDEA. The plaintiffs attempt to argue that their claims for "common law rights" extend beyond the IDEA, however there is no reference to common law claims in the Amended Complaint and plaintiffs fail to state any specific cause of action for which relief can be granted outside the IDEA. Fed. R. Civ. P. 12(b)(6). And even if such claims were made or relief was requested, the Amended Complaint must still be dismissed because plaintiffs' allegations still relate to students' free appropriate public education protected under IDEA. *See Hayes v. Unified School Dist. No. 377*, 877 F.2d 809, 813-14 (10th Cir. 1989); *Franklin v. Frid.*, 7 F. Supp 2d 920, 922 and 925-26 (W.D. Mich. 1998) (concluding that despite allegations of a school official's intentionally humiliating, and abusing a student, both verbally and physical, the "gravamen of the claim" fell with the purview of the IDEA).

And as discussed in greater detail previously, the plaintiffs' IDEA claim is barred. The claim is barred because the named defendants are not the proper parties to seek relief for a violation of IDEA. First, an individual, such as Ms. Horn, cannot be liable for alleged violations of IDEA. Only public boards of education may be liable for alleged violations of the IDEA. Plaintiffs have pled no other cause of action against Ms. Horn, thus, she is not a "real party in interest" and the complaint against her must be dismissed. Second, the Raceland-Worthington Independent School District is not an entity capable of being sued and is therefore also not a "real party in interest" and the complaint against them must also be dismissed.

Moreover, the claim is barred because the plaintiffs' have not exhausted, nor attempted to exhaust, their administrative remedies under the IDEA. Although a single plaintiff filed a complaint on behalf of one student, it was not a due process complaint that initiated the necessary administrative proceedings even on behalf of that student. No other plaintiff has filed a complaint

whatsoever. Therefore, plaintiffs have failed to exhaust their administrative remedies and their exclusive remedy for the allegations made and relief requested in the original and amended complaint remains with the Kentucky Department of Education. Therefore, under Fed. R. Civ. P. 12, the Original and Amended Complaints must be dismissed because plaintiffs fail to state a claim upon which relief can be granted and this Court lacks jurisdiction over the claims.

V. **The Court Should Not Grant Plaintiffs Leave to File a Second Amended Complaint.**

The Court should deny plaintiffs' request for leave to file a second Amended Complaint. Plaintiffs have already failed to comply with the Court's Order dated August 8, 2024. [DN 10]. In that order, the Court noted that the plaintiffs did not plead a specific cause of action and the Complaint was devoid of any allegations of exhaustion of remedies. The Court permitted the plaintiff to amend their complaint to "include specific allegations as to exhaustion as well as to plead a cause of action, if any, arising from the alleged abuse." [DN 10]. Despite the clear direction from the Court, plaintiffs' Amended Complaint still fails to plead any cause of action other than an IDEA violation and plaintiffs still fail to allege any facts establishing that any and all plaintiffs have exhausted administrative remedies. [DN11].

While it is true that according to Fed. R. Civ. P. 15(a)(2), courts should "freely give leave when justice so requires," it is not true that courts are required to grant leave in every situation. In support of their argument, plaintiffs cite *Foman v. Davis*, stating that "[c]ourts favor allowing amendments to ensure claims are decided on their merits rather than on procedural technicalities." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs fail to cite, however, the myriad of reasons the *Foman* Court lists as potential reasons for denying leave to amend a complaint.

According to *Foman*, a Court may deny leave to amend a complaint for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, **repeated failure to cure deficiencies**

**by amendments previously allowed**, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id*. (emphasis added).

Here, the Court has already permitted the plaintiffs to amend their Complaint and specifically instructed them on how to successfully amend their Complaint to cure previous deficiencies. However, plaintiffs failed to do so. Plaintiffs' Amended Complaint still fails to include specific allegations as to exhaustion of administrative remedies, and it does not plead any cause of action other than a violation of IDEA. Plaintiffs' Amended Complaint fails to cure the deficiencies of the Original Complaint, despite the clear wording of the Court's order. It is undisputed therefore, that the plaintiffs have no other claim, other than those under IDEA. Leave to amend should not be granted a second time, simply to permit plaintiffs to fabricate causes of action outside of IDEA, which would not only cause further undue delay of dismissal of this improper action, but would also constitute bad faith or dilatory motive by the plaintiffs. For this reason, granting plaintiffs more leave to file another Amended Complaint would ultimately be futile.

Therefore, plaintiffs should not be granted leave to file a second Amended Complaint, as such amendment would be futile.

### VI.   Conclusion

Accordingly, any amendment of the plaintiffs' Complaint would be futile and for the reasons set forth above and in defendants' Motions to Dismiss the Original and Amended Complaints must be granted.

> Respectfully Submitted,
>
> ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
> 1101 College Street; P.O. Box 770
> Bowling Green, KY 42101
> Telephone: (270) 781-6500
> Facsimile: (270) 782-7782
> Email: cpriest@elpolaw.com
> Email: mowsley@elpolaw.com
>
> */s/ W. Cravens Priest III*
> MICHAEL A. OWSLEY
> W. CRAVEN PRIEST III

CERTIFICATION OF SERVICE

     I hereby certify that on October 8, 2024, I electronically filed the foregoing with the clerk of court using the CM/ECF system, which will serve an electronic copy, upon the following:

Brandon M. Music
311 W. Main Street
P.O. Box 608
Grayson, KY 41143

> */s/ W. Cravens Priest III*
> MICHAEL A. OWSLEY
> W. CRAVEN PRIEST III