UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 24-14-DLB-EBA

KRISTEN GLEASON, et al.                                                           PLAINTIFFS

v.                           MEMORANDUM OPINION AND ORDER

RACELAND-WORTHINGTON INDEPENDENT
SCHOOL SYSTEM, et al.                                                             DEFENDANTS

*** *** *** ***

This matter is before the Court upon Defendants Raceland-Worthington Independent School System and Erin Horn's Motion to Dismiss Original Complaint and Amended Complaint. (Doc. # 12). Plaintiffs Kristen Gleason, Raina Macri, Jessica Virgin, Katheranne Childers, Marlene McCoy Adams, Christy Lynn Viars, and Sara Kiser having filed their Response (Doc. # 14), and Defendants having filed their Reply (Doc. # 15), the Motion is ripe for review. For the following reasons, Defendants' Motion to Dismiss is **granted**.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

This matter concerns the education of certain special needs students in the Raceland-Worthington Independent School System ("RWISS"). (Doc. # 1 ¶ 1). Plaintiffs are parents of the students at issue in this case. (*Id.* ¶ 5). Defendant RWISS is the entity that is responsible for providing public education to students in Raceland, Kentucky. (*Id.* ¶ 6). Defendant Erin Horn taught the students at issue in this case and is an employee of Defendant RWISS. (*Id.* ¶ 7).

1

As Plaintiffs note in their Amended Complaint, the Individuals with Disabilities Education Act ("IDEA") requires public schools to provide a Free Appropriate Public Education ("FAPE") to children with disabilities tailored to their individual needs. (*See id.* ¶ 8). In so doing, public schools are required to design Individualized Education Programs ("IEPs") for students with disabilities.[1] (*See id.* ¶¶ 5, 8-14). Plaintiffs do not contest that their children each had an IEP. (*Id.* ¶ 5). Rather, Plaintiffs allege that Defendants did not provide their children with an education tailored to their individual needs. (*Id.* ¶ 9). For example, Plaintiffs claim that Defendants did not include necessary accommodations in the children's IEPs, that the IEPs did not adequately address the children's educational needs, and that Defendants did not include enough measurable goals or necessary services in the IEPs. (*Id.* ¶¶ 10-13).

Additionally, Plaintiffs allege that Defendant Horn "failed the children by her actions[.]" (*Id.* ¶ 15). More specifically, Plaintiffs claim that Defendant Horn would often "yell at" and would often "be verbally abusive and physically aggressive with the students," which "caused severe physical and emotional injuries to the children[.]" (*Id.* ¶ 14). For example, Defendant Horn would allegedly tell Plaintiff Kristen Gleason's child to "sit down and shut up." (*Id.* ¶ 16). As another example, Plaintiffs allege that Plaintiff Katheranne Childers' child would come home from school each day with bruises on his face and eye. (*Id.* ¶ 24). Plaintiffs allege that Defendant RWISS was aware of Defendant Horn's behavior but have not disciplined her "in any significant way." (*Id.* ¶ 44).

---

[1] "An IEP is a written plan for students with disabilities under the IDEA created to ensure the student receives a free appropriate public education based on their specific needs." *Ja. B. v. Wilson Cnty. Bd. of Educ.*, 61 F.4th 494, 496 n.1 (6th Cir. 2023) (citing 20 U.S.C. § 1414(d)).

On February 1, 2024, Plaintiffs initiated this action by filing their Complaint seeking "relief for violations of [the IDEA]." (Doc. # 1 ¶ 1). After Defendants moved to dismiss Plaintiffs' Complaint (Doc. # 6), Plaintiffs responded in part by requesting leave to file an amended complaint (Doc. # 8 at 5). On August 8, 2024, this Court issued an Order denying without prejudice Defendant's original Motion to Dismiss and granting Plaintiffs leave to file an amended complaint within 20 days. (Doc. # 10). On August 28, 2024, Plaintiffs filed their Amended Complaint (Doc. # 11) which is their operative pleading.

On September 5, 2024, Defendants filed the instant Motion to Dismiss (Doc. # 12) together with their Answer to Plaintiffs' Amended Complaint (Doc. # 13). Through the instant Motion to Dismiss, Defendants request that this Court dismiss Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12. (Doc. # 12). Since then, Plaintiffs have filed their Response (Doc. # 14), Defendants have filed their Reply (Doc. # 15), and the Motion to Dismiss is accordingly ripe for review.

## II.   DISCUSSION

### A.   Standard of Review

Defendants move for the dismissal of Plaintiffs' Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.[2] (Doc. # 12). The Federal Rules of Civil Procedure require a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

---

[2]   Although Defendants are not clear on this issue, the Court understands the Motion to Dismiss to be based on Federal Rule of Civil Procedure 12(b)(6).

3

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). This "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quotations omitted).

The plaintiff must put forward enough facts that the Court could reasonably infer "that the defendant is liable for the misconduct alleged." *Id.* When considering a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Hooker v. Anderson*, 12 F. App'x 323, 325 (6th Cir. 2001) (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

**B.    Analysis**

Defendants make what the undersigned construes as three arguments for the dismissal of Plaintiffs' Amended Complaint. (Doc. # 12). First, Defendants argue for the dismissal of the Amended Complaint against Defendant Horn on the grounds that the Amended Complaint only seeks relief under the IDEA and that IDEA claims cannot be brought against individuals. (*Id.* at 1-2, 5-6). Second, Defendants argue for the dismissal of the Amended Complaint against Defendant RWISS on the grounds that Defendant RWISS is not a legal entity that is capable of being sued. (*Id.* at 1-2). Third, Defendants argue that Plaintiffs have failed to exhaust all administrative remedies available under the IDEA meriting dismissal of the Amended Complaint. (*Id.* at 2-4, 6-7).

In their Response, Plaintiffs contest whether their claims are solely governed by the IDEA. (Doc. # 14 at 2-3). In support, Plaintiffs note that the Amended Complaint also

4

includes claims for "abuse, threats, and tortious conduct by Defendant Erin Horn," and submits that these claims "extend beyond the educational context governed by [the] IDEA." (*Id.* at 2). Plaintiffs also contest Defendants' argument that Defendant RWISS is not a proper legal entity capable of being sued. (*Id.* at 4). Specifically, Plaintiffs argue that because Defendant RWISS has engaged with this litigation by accepting service and filing pleadings, the Court "should apply the doctrine of estoppel to prevent Defendants from now seeking dismissal on the grounds of a technical misnomer." (*Id.*). Plaintiffs additionally claim that requiring them to exhaust administrative remedies would be futile, as Defendants have supposedly failed "to respond or participate in due process proceedings[.]" (*Id.* at 8). Plaintiffs finally request leave to further amend their complaint to add a claim under the Americans with Disabilities Act (the "ADA"). (*Id.* at 5-6, 7-8, 9).

Based on the parties' respective arguments, the Court must first address whether Plaintiffs' claims are solely governed by the IDEA. Upon review of the record, the Court concludes that they are. In paragraph one of the Amended Complaint, Plaintiffs specify that "[t]he action seeks relief for violations of *the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq.*" (Doc. # 1 ¶ 1) (emphasis added). And in paragraph two of the Amended Complaint, Plaintiffs state that the "action arises under the laws of the United States, *specifically the IDEA*." (*Id.* ¶ 2) (emphasis added). Moreover, although Plaintiffs discuss Defendant Horn's alleged tortious actions, they do so by claiming that such actions amounted to violations of the IDEA. (*See id.* at ¶¶ 8-33 (listing "actions by the school district and/or teacher that constitute a violation of *the IDEA*.")) (emphasis added). Additionally, Plaintiffs request, among other things, (i) that the Court declare that Defendants "have violated the IDEA," (ii) that the Court order Defendants "to comply with

5

the IDEA . . .," and (iii) certain relief (*i.e.*, compensatory education) that falls under the IDEA's ambit, *see S.E. v. Grant Cnty. Bd. of Educ.*, 544 F.3d 633, 642-43 (6th Cir. 2008). (Doc. # 1 at 14-15). Moreover, the Amended Complaint concerns the education of children with disabilities, which is the IDEA's sole province. *See Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 170-71 (2017). Finally, the Amended Complaint does not specify any claims other than IDEA claims. (*See id.*). Thus, when read as a whole, Plaintiffs' Amended Complaint only puts Defendants on notice of IDEA claims.

As noted above, Plaintiffs argue that because the Amended Complaint references allegedly tortious conduct by Defendant Horn, their claims necessarily "extend beyond the educational context governed by [the] IDEA." (Doc. # 14 at 2). In support, Plaintiffs rely on the Supreme Court's *Fry* decision. (*Id.* at 3). But *Fry* is inapposite. In that case, the Supreme Court held that "in a suit brought under a different statute, the remedy sought is not for the denial of a FAPE, then exhaustion of the IDEA's procedures is not required." *Fry*, 580 U.S. at 168. The Supreme Court further held that in determining whether a suit is brought under the IDEA, courts should examine the gravamen of the complaint, the remedies requested, the substance of the allegations, and "the diverse means and ends of the statutes covering persons with disabilities." *Id.* at 169-72. But the Court has already examined these considerations and concluded that the Amended Complaint only stated IDEA claims. Moreover, the fact that the Amended Complaint includes allegations of tortious conduct does not, by itself, place Plaintiffs' claims outside the ambit of the IDEA. *See Franklin v. Frid*, 7 F. Supp. 2d 920, 925 (W.D. Mich. 1998) (finding that the gravamen of the complaint concerned the denial of a FAPE despite allegations "of alleged physical and mental abuse that have no relationship to the IDEA[.]").

Having determined that Plaintiffs' claims are solely governed by the IDEA, the Court now addresses Defendants' arguments for dismissal of the Amended Complaint and Plaintiffs' request for leave to further amend their complaint. The Court addresses each of these arguments and requests in turn.

### 1. Plaintiffs may not maintain IDEA claims against Defendant Horn in her individual capacity.

Defendants first argue that Plaintiffs may not maintain IDEA claims against Defendant Horn in her individual capacity. (Doc. # 12 at 1-2, 5-6). The Court agrees, as courts within this Circuit have held that IDEA claims may not be brought against individuals. *See Parker v. West Carroll Sch. Dist.*, No. 20-1044-STA-tmp, 2020 WL 3443426, at *5 (W.D. Tenn. May 27, 2020), *report and recommendation adopted by* 2020 WL 3442178 (W.D. Tenn. June 23, 2020); *see also Link ex rel. Link v. Metro. Gov't of Nashville and Davison Cnty.*, No. 3:12-cv-0472, 2012 WL 4506028, at *6-7 (M.D. Tenn. Sept. 28, 2012).

Plaintiffs' sole counter to Defendants' argument is that the claims against Defendant Horn involve allegations of tortious conduct and are therefore not IDEA claims. (Doc. # 14 at 2). But the Court has already rejected this framing of Plaintiffs' claims. Thus, consistent with the cases discussed above, Defendants' Motion to Dismiss is **granted** with respect to Defendant Horn.

### 2. Defendant RWISS is not a legal entity that is capable of being sued.

Defendants next argue that Defendant RWISS is not a legal entity that is capable of being sued. (Doc. # 12 at 2; Doc. # 15 at 3-4). In support, Defendants cite Ky. Rev. Stat. § 160.160 which provides, in pertinent part, that "[e]ach school district shall be under

the management and control of a board of education" which "may sue and be sued[.]" (*See* Doc. # 15 at 3). Defendants argue that under § 160.160, "public school districts [like Defendant RWISS] are not independent legal entities and are not capable of suing or being sued." (*Id.*).

"The Kentucky Supreme Court has definitively held [that] the proper defendant for an action against a Kentucky public school is the governing Board of Education." *Qiu v. Scott Cnty. Schs.*, No. 5:21-cv-00197-GFVT, 2022 WL 1462758, at *2 (E.D. Ky. May 9, 2022) (citing *Forte v. Nelson Cnty. Bd. of Educ.*, 337 S.W.3d 617, 625 (Ky. 2011), *superseded by rule on other grounds as stated in Mahl v. Mahl*, 671 S.W.3d 140, 150-51 (Ky. 2023)). And where plaintiffs have attempted to directly sue Kentucky school districts, this Court has dismissed complaints on this basis. *See Gilbert v. Frankfort Indep. Sch. District*, No. 3:23-cv-00064-GFVT, 2024 WL 3939528, at *3 (E.D. Ky. Aug. 26, 2024). Thus, under a straightforward application of these cases, Plaintiffs' Amended Complaint is properly dismissed against Defendant RWISS.

In their Response, Plaintiffs argue that the Amended Complaint should not be dismissed against Defendant RWISS because it has engaged with this litigation by accepting service and filing pleadings. (Doc. # 14 at 4). According to Plaintiffs, Defendant RWISS's participation in this case justifies the application of "the doctrine of estoppel to prevent Defendants from now seeking dismissal on the grounds of a technical misnomer." (*Id.*). But Plaintiffs do not cite—and the undersigned is unaware of—any authority for the proposition that a party's mere involvement in litigation prevents it from later arguing that it is an improper party. Indeed, although participation in litigation can, in certain circumstances, effectuate a waiver of a personal jurisdiction challenge, *see Gerber v.*

8

*Riordan*, 649 F.3d 514, 518 (6th Cir. 2011), Defendants' argument does not concern personal jurisdiction. For these reasons, Defendants' Motion to Dismiss is **granted** with respect to Defendant RWISS.[3]

### 3. The Court will not grant Plaintiffs' requested leave to further amend their complaint.

In their Response, Plaintiffs request leave to further amend their complaint to add an ADA claim. (Doc. # 14 at 5-6, 7-8, 9). In support, Plaintiffs cite the Supreme Court's decision in *Perez v. Sturgis Public Schools*, 598 U.S. 142 (2023) in which the court held that children with disabilities need not exhaust administrative remedies under the IDEA when asserting claims under other federal antidiscrimination statutes, *id.* at 147-48. (*Id.* at 7-8). Defendants oppose Plaintiffs' requested leave to further amend their complaint. (Doc. # 15 at 8-9).

Plaintiffs' request for leave to amend is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure which provides that "[t]he court should freely give leave [to amend] when justice so requires." But as the Sixth Circuit has noted, "the right to amend is not absolute or automatic[,]" and district courts have "discretion in determining whether to permit an amendment[.]" *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008) (internal citations omitted). Leave to amend is properly denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment[.]" *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640 (6th Cir. 2018). Moreover, a "district court's discretion to

---

[3] Having dismissed Plaintiffs' Amended Complaint against Defendants on other grounds, the Court need not—and will not—address the parties' respective exhaustion of administrative remedies arguments.

deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." *Thompson v. Sec'y of U.S. Dep't of Veterans Affs.*, No. 1:18-cv-01777, 2020 WL 13734948, at *2 (N.D. Ohio Jan. 14, 2020) (quoting *Fidelity Fin. Corp. v. Fed. Home Loan Bank of S.F.*, 792 F.2d 1432, 1438 (9th Cir. 1986)) (internal quotation marks omitted).

As an initial matter, the Court notes that Plaintiffs' leave request is procedurally defective in two important ways. First, despite requesting leave in their Response, Plaintiffs have not formally moved for leave to further amend their complaint. Although Rule 15 requires that permission to amend be given "freely," a party must first request leave. Fed. R. Civ. P. 15. In the Sixth Circuit, that process is a formal motion to amend, and in the absence of such a motion the Court presumes that leave to amend has not been requested at all. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551-52 (6th Cir. 2008) (upholding the district court's decision not to grant leave to amend where the plaintiff failed to formally move to amend despite being on notice that her complaint was subject to a Rule 12 motion). Second, Plaintiffs have not provided the Court with a copy of their proposed Second Amended Complaint, which itself warrants a denial of their leave request. *See Kuyat v. BioMimetic Therapeutics Inc.*, 747 F.3d 435, 444 (6th Cir. 2014).

Regardless, as noted above, the Court has already previously granted Plaintiffs leave to amend their complaint. Thus, the Court has particularly broad discretion to deny Plaintiffs' request for leave. Upon review, the Court concludes that Plaintiffs have failed to show entitlement to their requested leave. Specifically, the Court concludes that Plaintiffs have failed to explain their delay in seeking to add an ADA claim. The *Perez*

10

case Plaintiffs rely on was issued almost a year before they filed their initial Complaint, and the facts underlying any ADA claim were presumably available to Plaintiffs when they filed their Complaint and Amended Complaint.  Moreover, Plaintiffs offer no explanation as to why they did not include an ADA claim in their Amended Complaint.  Based on the above, Plaintiffs' request to further amend their complaint is **denied**.

### III.   CONCLUSION

Thus, for the reasons set forth herein, **IT IS ORDERED** that:

(1)   Defendants' Motion to Dismiss Original Complaint and Amended Complaint (Doc. # 12) is **GRANTED**;

(2)   Plaintiffs' Amended Complaint (Doc. # 11) is **DISMISSED**;

(3)   Plaintiffs' request for leave to further amend their complaint is **DENIED**;

(4)   This matter is **STRICKEN** from the Court's active docket; and

(5)   A Judgment in favor of Defendants will be entered contemporaneously herewith.

This 28th day of May, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2024\24-14 MOO on MTD.docx